**United States Bankruptcy Court**
**Eastern District of Arkansas**

| | | | | |
|---|---|---|---|---|
| In re | **Jeremy F. Fairchild** <br> **Ashley M. Fairchild** | | Case No. | **19-16629** |
| | Debtor(s) | | Chapter | **13** |

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ☐    Amended Plan ☑    **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:
Section 3.2 and Cert. of Service

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.
Plan modification per agreed order filed on 12/22/20. Reflect mortgage payment.

The Amended Plan is filed:    ☑ Before confirmation
                               ☐ After confirmation

## Part 1: Notices

**To Debtor(s):**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☐ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed** *after* **the petition is filed or amended plan (only if filed prior to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☑ **Amended plan:** Within 21 days after the filing of the amended plan.

Debtor(s) **Jeremy F. Fairchild**
**Ashley M. Fairchild**  Case No.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1 The debtor(s) will make regular payments to the trustee as follows:**
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**605.00** per month to the trustee. The plan length is **60** months.
The following provision will apply if completed:

Plan payments will change to $___ per month beginning on ___.

Plan payments will change to $___ per month beginning on ___.
*(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Payments shall be made from future income in the following manner:**

Name of debtor  **Jeremy F. Fairchild**
☑ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $_____ per month

Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
If other, please specify:____
Employer name:
Address:

Phone:

Name of debtor **Ashley M. Fairchild**

☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $_____ per month.

Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
If other, please specify:____
Employer name:

Debtor(s) **Jeremy F. Fairchild**
**Ashley M. Fairchild**                                                        Case No.

Address:

Phone:

**2.3**  **Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4**  **Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1**  **Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| **Orion Federal Credit Union** | **2500 Chevrolet Durmax** | 100.00 | ☑ Preconfirmation<br>☑ Postconfirmation |
| **Regions Bank** | **2015 Ford Transit** | 100.00 | ☑ Preconfirmation<br>☑ Postconfirmation |

**3.2**  **Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the

Debtor(s) **Jeremy F. Fairchild**
**Ashley M. Fairchild**                                                      Case No.

creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| Arvest Mortgage | 4213 W. Justice Rd. Cabot, AR 72023 Pulaski County | 602.52 | ☑ Debtor(s)<br>☐ Trustee | 0.00 | 0.00 | 0.00% |

3.3    **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

   *Check one.*
   ☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

   ☑ Claims listed in this subsection consist of debts that were:

   (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
   (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

   The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| Orion Federal Credit Union | 2500 Chevrolet Durmax | August 2019 | 17,598.00 | 17,350.00 | 5.00% | 332.10 |
| Regions Bank | 2015 Ford Transit | June 2015 | 6,203.00 | 12,625.00 | 5.00% | 117.06 |

3.4    **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

   *Check one.*
   ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5    **Surrender of collateral.**

   ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

Debtor(s) **Jeremy F. Fairchild**
**Ashley M. Fairchild**                                         Case No.

☑ The debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim in accordance with 11 U.S.C. § 1325(a)(5)(C). The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the collateral only. No further payments are to be made to the creditor for the secured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. Unless otherwise ordered by the court, to the extent that the debtor(s) become entitled to proceeds upon disposition of the collateral, the proceeds will be remitted to the trustee.

| Creditor and last 4 digits of account number | Collateral to be surrendered |
|---|---|
| DLL Finance | 2016 LS Tractor |
| M&T Bank | 2016 Mallard Camper |
| Performance Finance | 2018 Indian Chieftain |
| Arvest Bank | UCC on Business Inventory |

**3.6**  **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

**4.1**  **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2**  **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3**  **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

| | |
|---|---|
| Amount paid to attorney prior to filing: | $ 0.00 |
| Amount to be paid by the Trustee: | $ 4,500.00 |
| Total fee requested: | $ 4,500.00 |

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $ **1,500.00** and **25.00** %, respectively.

**4.4**  **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**  **Domestic support obligations.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**  **Nonpriority unsecured claims.**

Debtor(s) **Jeremy F. Fairchild**
**Ashley M. Fairchild**             Case No.

Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: \_\_\_\_

*Check one, if applicable*

☑ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other, Please specifiy \_\_\_\_

**5.2**     **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**     **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1**     **Executory Contracts and Unexpired Leases.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2**     **Sale of assets.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3**     **Claims not to be paid by the trustee.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

☑ The following claims are to be paid directly to the creditor by the debtor(s) and not by the trustee. These claims include home mortgage, lease payments, and debts actually being paid by a party other than the debtor(s) (who is liable for the debt) from property that is not property of the estate.

| Creditor | Payment to be paid by | Description of property/nature of obligation |
|---|---|---|
| Arvest Mortgage | ☑ Debtor(s)<br>☐ Other \_\_\_\_ | 4213 W. Justice Rd. Cabot, AR 72023<br>Pulaski County |

**6.4**     **Postpetition claims.**

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

Debtor(s) **Jeremy F. Fairchild**
**Ashley M. Fairchild**                                                                                          Case No.

☑ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation

☑ entry of discharge

☐ other: _____

## Part 8: Nonstandard Plan Provisions

*Under Bankruptcy Rule 3015.1(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**8.1**   *The following plan provisions will be effective only if there is a check in the box "included" in § 1.2.*

Debtor, Jermey Fairchild, surrender the loan to Arvest bank so that the co-debtor can continue performance on the loan.

## Part 9: Signatures

By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

**/s/ Brian C. Wilson**                                                                        Date **December 30, 2020**
**Brian C. Wilson**
**Signature of Attorney for Debtor(s)**

                                                                                                                    Date _____
**Jeremy F. Fairchild**
                                                                                                                    Date _____
**Ashley M. Fairchild**
**Signature(s) of Debtor(s)**
**(required if not represented by an attorney; otherwise optional)**

| Debtor(s) **Jeremy F. Fairchild** | |
|---|---|
| **Ashley M. Fairchild** | Case No. |

# Addendum A - For Amended Plans

# Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

**A.1**    **Prepetition Nonpriority Unsecured Claims**

The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| -NONE- | | | |

**A.2**    **Postpetition Nonpriority Unsecured Claims**

The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.

**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim. The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt | Approval to incur obtained from trustee or court |
|---|---|---|---|---|
| -NONE- | | | | Yes<br>No |

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on or about the 30th day of December 2020, a true and correct copy of the foregoing was mailed to the following via U.S. Mail, postage prepaid.

Chapter 13 Trustee
*via electronic filing*

U.S. Trustee
*via electronic filing*

Advanced Spine and Pain Center
11220 Executive Center Drive
Suite 200
Little Rock, AR 72211

APMI
5125 Northshore Drive
North Little Rock, AR 72118

Arkansas DF&A
Revenue Legal Counsel
P.O. Box 1272
Little Rock, AR 72203

Debtor(s) **Jeremy F. Fairchild**
**Ashley M. Fairchild**                                               Case No.

Arvest
P.O. Box 6139
Norman, OK 73070

Arvest Mortgage
P.O. Box 399
Lowell, AR 72745

Bank Of America
Po Box 982238
El Paso, TX 79998

Barclays
P.O. Box 60517
City of Industry, CA 91716

Barclays Bank Delaware
P.o. Box 8803
Wilmington, DE 19899

Bowen Hefley
5 St. Vincent Circle
Suite 100
Little Rock, AR 72205

Capital One Bank Usa N
Po Box 30281
Salt Lake City, UT 84130

Chi St. Vincent
P.O. Box 677250
Dallas, TX 75267

Citi Cards
P.O. Box 78045
Phoenix, AZ 85062

Citicards Cbna
Po Box 6217
Sioux Falls, SD 57117

City of Siloam Springs
P.O. Box 80
Siloam Springs, AR 72761

Clinical Associates, Inc.
P.O. Box 207854
Dallas, TX 75320

Consumer Collection Mana
P.O. Box 1839
Maryland Heights, MO 63043

Dept. of Treasury
Internal Revenue Services
P.O. Box 7346
Philadelphia, PA 19101

Dept. of Workforce Services
P.O. Box 8040
Little Rock, AR 72203

Arkansas Plan Form - 8/18                                                                                                                Page 9

Debtor(s) **Jeremy F. Fairchild**
**Ashley M. Fairchild** Case No.

Discover Fin Svcs Llc
Pob 15316
Wilmington, DE 19850

DLL Finance
P.O. Box 2000
Johnston, IA 50131

DLL Finance, LLC
P.O. Box 200
Johnston, IA 50131

Dr. Charles Varela
Dr. John Akins & Dr. Emilio Ti
2110 East Main St.
Mountain View, AR 72560

Little Rock Surgery Center
8820 Knoedl Court
Little Rock, AR 72205

M&T Bank
Attn: Bankruptcy
1100 Wehrie Drive, 2nd Floor
Buffalo, NY 14221

Orion Federal Credit Union
7845 Highway 64
Memphis, TN 38133

Ouachita Regional Anesthesia
P.O. Box 22390
Hot Springs National, AR 71903

PayPal Credit
P.O. Box 105658
Atlanta, GA 30348

Performance Finance
10509 Professional Circle S
Reno, NV 89521

Performance Finance
P.O. Box 5108
Oak Brook, IL 60523

Psychiatric Associates of ARK
9601 Lile Drive
Suite 1050
Little Rock, AR 72205

Regions Bank
P.O. Box 10063
Birmingham, AL 35202

Security Bankcard Ctr
Po Box 6139
Norman, OK 73070

Siloam Springs Regional Hospit
P.O. Box 842393
Dallas, TX 75284

Debtor(s) **Jeremy F. Fairchild**
**Ashley M. Fairchild** Case No.

Stone County Medical Center
Highway 14 East
Mountain View, AR 72560

Syncb/amazon
Po Box 965015
Orlando, FL 32896

Syncb/netwrk
C/o Po Box 965036
Orlando, FL 32896

Syncb/ppc
Po Box 965005
Orlando, FL 32896

Synchrony Bank
P.O. Box 965007
Orlando, FL 32896

United States Attorney
Eastern District of Arkansas
PO Box 1229
Little Rock, AR 72203

White River Health System
P.O. Box 2436
Batesville, AR 72503

/s/Brian Wilson